IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT EASLEY,
Inmate No. L11027,
    Plaintiff,

vs.                                             Case No. 5:18cv200/MCR/EMT

JULIE JONES, et al.,
    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also moved to proceed in forma pauperis (ECF No. 2).

Plaintiff, an inmate of the Florida Department of Corrections ("DOC") incarcerated at The Northwest Florida Reception Center ("NFRC"), names as Defendants medical personnel at NFRC as well as the Secretary of the DOC. He claims violations of his rights under the Eighth and Fourteenth Amendments, based upon allegations that 1) Defendants have denied him medical passes that he was previously issued for his back and leg problems, and 2) Defendants are thereby discriminating against him under the Americans with Disabilities Act and the Rehabilitation Act.

Page 2 of 4

The court takes judicial notice that, approximately two months prior to filing this case, Plaintiff filed another case in this court, Case No. 5:18cv148/MCR/GRJ.[1] This previously filed case involves the same facts and claims of discrimination and medical treatment that Plaintiff raises in the instant case, and it names the same Defendants. In fact, the court notes that Plaintiff was ordered in the previous case to submit a proper complaint, as theretofore he had filed only motions for preliminary injunctive relief or for a temporary restraining order in that case. Thus, it appears highly likely that Plaintiff did not intend for the instant complaint to commence a new cause of action but to have been filed in his previous case. In any event, because the instant case is in sum and substance a duplication of Plaintiff's previously filed case, it is subject to dismissal without prejudice.

The court will also direct that a copy of this complaint and the motion to proceed in forma pauperis be filed in Plaintiff's previous case. If Plaintiff did not

---

[1] The doctrine of judicial notice permits a judge to consider its own court dockets and opinions therein. *See* Fed. R. Evid. 201(b); McDowell Bey v. Vega, 588 F. App'x 923, 926–27 (11th Cir. 2014); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005).

Case No.: 5:18cv200/MCR/EMT

intend that the complaint and/or motion be filed in his previous case, he should file a notice to that effect in his previous case.

Accordingly, it is **ORDERED**:

The clerk shall file a copy of Plaintiff's complaint (ECF No. 1), of his motion to proceed in forma pauperis (ECF No. 2), and of this order in Case No. 5:18cv148/MCR/GRJ.

And it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE**.

2. That any pending motions be **DENIED** as moot.

At Pensacola, Florida, this 4th day of September 2018.

>  /s/ *Elizabeth M. Timothy*
>  **ELIZABETH M. TIMOTHY**
>  **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 5:18cv200/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**